# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov* |



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport, CT 06604** | (203) 579− 6527 | **August 2, 2022** |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: ___ | **Fairfield at Bridgeport** | Major: **T** | Minor: **12** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Parrett, Porto, Parese & Colwell, P.C., 2319 Whitney Ave., Suite 1D, Hamden, CT 06518** | **045340** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (203) 281− 2700 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* jporto@pppclaw.com |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Pompa, Penelope** Address: **107 Laughing Tree Ct., Fountain Inn, SC 29644** | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: **Walmart Stores East, Limited Partnership, 702 SW 8th St., M.S. #0555, Bentonville, AR 72716-0555** Address: **c/o Agent for Service: CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108** | D-01 |
| **Additional defendant** | Name: **Walmart, Inc., 702 SW 8th St., Bentonville, AR 72716** Address: **c/o Agent for Service: CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108** | D-02 |
| **Additional defendant** | Name: **Walmart Real Estate Business Trust, c/o The Corporation Trust Co., Corporation Trust Center,** Address: **1209 Orange St., Wilmington, New Castle, DE 19801 c/o Agent for service: CT Secretary of State,** | D-03 |
| **Additional defendant** | Name: **165 Capitol Ave., Suite 1000, Hartford, CT 06106** Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing | For Court Use Only |
|---|---|---|---|---|
| 06/29/22 | | ☐ Clerk | **Joseph M. Porto** | File Date |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date 06/29/22 | Docket Number |
|---|---|---|---|



PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 JURIS NO. 045340

RETURN DATE:  AUGUST 2, 2022                    :        SUPERIOR COURT

PENELOPE POMPA                                 :        J.D. OF FAIRFIELD


V.                                             :        AT BRIDGEPORT

WALMART STORES EAST, LIMITED                   :        JUNE 29, 2022
PARTNERSHIP, ET AL

## COMPLAINT

### COUNT ONE (As to Walmart Stores East, Limited Partnership):

1.      At all times mentioned herein, the defendant, Walmart Stores East, Limited

Partnership (hereinafter referred to as "Walmart Stores"), is and was a foreign corporation,

licensed and authorized to do business in the State of Connecticut, with a business address of 702

SW 8th Street in Bentonville, Arkansas.

2.      On or about July 12, 2020 and at all times relevant hereto, the defendant, Walmart

Stores, owned, controlled, operated, possessed and maintained the retail store known as Walmart

Store #2163, located at 465 Bridgeport Avenue in Shelton, Connecticut.

3.      At all times mentioned herein, the defendant, Walmart Stores, invited the public to

enter the retail store located at 465 Bridgeport Avenue in Shelton, Connecticut.

4.      At all times relevant hereto, the defendant, Walmart Stores, had a duty not to cause

injury to any business invitee.

5.      At all times relevant hereto, the plaintiff, Penelope Pompa, was a resident of the Town of Monroe in the State of Connecticut.

6.      On July 12, 2020 at approximately 10:25 a.m., the plaintiff, Penelope Pompa, was a patron and invitee of the defendant, Walmart Stores, and was lawfully within the defendant's Store #2163 upon said date.

7.      On said date and at said time and place, the plaintiff, Penelope Pompa, was walking in front of the dairy section of Store #2163 when she was caused to slip and fall due to the presence of a white slippery substance that was on the floor.  Upon information and belief, the white slippery substance was sour cream.

8.      As a result of slipping on the sour cream, the plaintiff, Penelope Pompa, lost her footing and fell forcibly onto the floor.

9.      The defendant, Walmart Stores, through its officers, agents, servants and/or employees, had notice and knowledge or, with reasonable diligence, should have had notice and knowledge, either active or constructive, of said hazardous, dangerous and unsafe condition of the sour cream on the floor in the dairy section, as the same had existed for an unreasonable length of time, or they should have discovered the existence of said hazardous, dangerous and unsafe condition in the exercise of reasonable care and diligence.

2

10.    It was the duty of the defendant, Walmart Stores, to exercise reasonable care and diligence to provide and maintain a reasonably safe environment in its common areas. It was the defendant's duty to exercise reasonable care to prevent a dangerous condition on its premises and to correct such a condition after it knew or, by the exercise of reasonable care, should have known of its existence.

11.    As a result of the negligence of the defendant, Walmart Stores, at all times acting herein through its officers, agents, servants and/or employees, the plaintiff, Penelope Pompa, sustained injuries of a serious, painful and permanent nature, in that:

        a.    She received multiple contusions, abrasions, and lacerations about the head, body and limbs;

        b.    She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the lumbosacral spine with attending pain, tenderness, and limitation of motion;

        c.    She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the thoracic spine with attending pain, tenderness, and limitation of motion;

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE H3, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

     d.     She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the cervical spine with attending pain, tenderness, and limitation of motion;

     e.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her neck, which pain radiates down into her left arm, with associated tenderness and limitation of motion;

     f.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left shoulder, with associated tenderness and limitation of motion;

     g.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left knee, with associated tenderness and limitation of motion;

     h.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain a partial rotator cuff tear of the left shoulder, with associated pain, tenderness and limitation of motion;

i.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain disc protrusions at C2-C3, C3-C4 and C6-C7, with associated pain, tenderness and limitation of motion;

j.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to suffer headaches;

k.     As a further result of the injuries sustained herein, the plaintiff was caused to experience and suffer an activation and aggravation of a pre-existing but otherwise asymptomatic left knee condition which, prior to said fall, had not caused her pain or discomfort and, after said fall, has been caused to be activated and greatly aggravated;

l.     She underwent a severe shock to her entire nervous system resulting in mental anxiety, depression, headaches, inability to eat and sleep and associated symptoms; and

m.     She has endured and will continue to endure great pain of body and mind and humiliation and is limited and will be limited in her physical activities.

12.    As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, has incurred considerable expenses for medical care, prescriptions, x-rays, medical services, physical therapy, medical apparatus and for matters incidental thereto and she will be required to incur further expenses for such purposes in the future.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE H3, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

13.    As a further result of the injuries sustained herein, the plaintiff, Penelope Pompa, suffered considerable emotional distress, upset, anxiety, headaches, and psychological trauma, and as a result of said injuries, she will suffer the same from time to time in the future.

14.    As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, was unable to carry on and perform her usual duties and daily activities, and as a further result of said injuries, she will be prevented from doing so from time to time in the future, thereby depriving the plaintiff, Penelope Pompa, of the opportunity to enjoy her life as she could have before the fall on July 12, 2020.

15.    Said injuries and damages were caused directly and proximately by the negligence and carelessness of the defendant, Walmart Stores, acting through its officers, agents, servants and/or employees, in any one of the following ways and/or in any combination thereof in that:

a.    Its authorized officers, agents, servants and/or employees failed to inspect the floor in the dairy section and keep said premises reasonably safe for those persons lawfully on said premises, such as the plaintiff, when they knew or should have known that said person, such as the plaintiff, would be walking in this common area;

b.    Its authorized officers, agents, servants and/or employees failed to correct said hazardous, dangerous and unsafe condition;

6

c.   Its authorized officers, agents, servants and/or employees failed to place warnings, signs, ropes, or other barriers to prevent the plaintiff from walking in said area and sustaining injuries due to the hazardous, dangerous and unsafe condition;

d.   Its authorized officers, agents, servants and/or employees failed to place a runner, carpet, or other protective material over the dangerous and slippery substance on the floor in the dairy section when, in the exercise of reasonable care, they should have known that a person such as the plaintiff would be walking in this common area;

e.   Its authorized officers, agents, servants and/or employees failed to remedy said slippery and dangerous area of the floor in the dairy section by fully cleaning, drying, or by placing other abrasive substances thereon when the same was reasonably necessary under the circumstances;

f.   Its authorized officers, agents, servants and/or employees knew, or in the exercise of reasonable care should have known, that the floor in the dairy section was not safe to walk on, yet failed to take any measures or adequate measures to insure that it was reasonably safe to walk in the area of the floor in which the plaintiff was caused to fall; and

g.   Its authorized officers, agents, servants and/or employees allowed and permitted the aforesaid dangerous and defective condition to exist for an unreasonable period of time, yet it took no measures to remedy or correct the same.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

**COUNT TWO (As to Walmart, Inc.):**

1.      At all times mentioned herein, the defendant, Walmart, Inc., is and was a foreign corporation, licensed and authorized to do business in the State of Connecticut, with a business address of 702 SW 8th Street in Bentonville, Arkansas.

2.      On or about July 12, 2020 and at all times relevant hereto, the defendant, Walmart, Inc., owned, controlled, operated, possessed and maintained the retail store known as Walmart Store #2163, located at 465 Bridgeport Avenue in Shelton, Connecticut.

3.      At all times mentioned herein, the defendant, Walmart, Inc., invited the public to enter the retail store located at 465 Bridgeport Avenue in Shelton, Connecticut.

4.      At all times relevant hereto, the defendant, Walmart, Inc., had a duty not to cause injury to any business invitee.

5.      At all times relevant hereto, the plaintiff, Penelope Pompa, was a resident of the Town of Monroe in the State of Connecticut.

6.      On July 12, 2020 at approximately 10:25 a.m., the plaintiff, Penelope Pompa, was a patron and invitee of the defendant, Walmart, Inc., and was lawfully within the defendant's store upon said date.

7.      On said date and at said time and place, the plaintiff, Penelope Pompa, was walking in front of the dairy section of Store #2163 when she was caused to slip and fall due to the presence

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE H-3, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

of a white slippery substance that was on the floor.  Upon information and belief, the white slippery substance was sour cream.

8.     As a result of slipping on the sour cream, the plaintiff, Penelope Pompa, lost her footing and fell forcibly onto the floor.

9.     The defendant, Walmart, Inc., through its officers, agents, servants and/or employees, had notice and knowledge or, with reasonable diligence, should have had notice and knowledge, either active or constructive, of said hazardous, dangerous and unsafe condition of the sour cream on the floor in the dairy section, as the same had existed for an unreasonable length of time, or they should have discovered the existence of said hazardous, dangerous and unsafe condition in the exercise of reasonable care and diligence.

10.     It was the duty of the defendant, Walmart, Inc., to exercise reasonable care and diligence to provide and maintain a reasonably safe environment in its common areas. It was the defendant's duty to exercise reasonable care to prevent a dangerous condition on its premises and to correct such a condition after it knew or, by the exercise of reasonable care, should have known of its existence.

11.     As a result of the negligence of the defendant, Walmart, Inc., at all times acting herein through its officers, agents, servants and/or employees, the plaintiff, Penelope Pompa, sustained injuries of a serious, painful and permanent nature, in that:

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

a.     She received multiple contusions, abrasions, and lacerations about the head, body and limbs;

b.     She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the lumbosacral spine with attending pain, tenderness, and limitation of motion;

c.     She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the thoracic spine with attending pain, tenderness, and limitation of motion;

d.     She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the cervical spine with attending pain, tenderness, and limitation of motion;

e.     As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her neck, which pain radiates down into her left arm, with associated tenderness and limitation of motion;

f.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left shoulder, with associated tenderness and limitation of motion;

g.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left knee, with associated tenderness and limitation of motion;

h.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain a partial rotator cuff tear of the left shoulder, with associated pain, tenderness and limitation of motion;

i.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain disc protrusions at C2-C3, C3-C4 and C6-C7, with associated pain, tenderness and limitation of motion;

j.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to suffer headaches;

k.      As a further result of the injuries sustained herein, the plaintiff was caused to experience and suffer an activation and aggravation of a pre-existing but otherwise asymptomatic left knee condition which, prior to said fall, had not caused her pain or discomfort and, after said fall, has been caused to be activated and greatly aggravated;

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

l.     She underwent a severe shock to her entire nervous system resulting in mental anxiety, depression, headaches, inability to eat and sleep and associated symptoms; and

m.     She has endured and will continue to endure great pain of body and mind and humiliation and is limited and will be limited in her physical activities.

12.    As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, has incurred considerable expenses for medical care, prescriptions, x-rays, medical services, physical therapy, medical apparatus and for matters incidental thereto and she will be required to incur further expenses for such purposes in the future.

13.    As a further result of the injuries sustained herein, the plaintiff, Penelope Pompa, suffered considerable emotional distress, upset, anxiety, headaches, and psychological trauma, and as a result of said injuries, she will suffer the same from time to time in the future.

14.    As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, was unable to carry on and perform her usual duties and daily activities, and as a further result of said injuries, she will be prevented from doing so from time to time in the future, thereby depriving the plaintiff, Penelope Pompa, of the opportunity to enjoy her life as she could have before the fall on July 12, 2020.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE I-I3, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

15.     Said injuries and damages were caused directly and proximately by the negligence and carelessness of the defendant, Walmart, Inc., acting through its officers, agents, servants and/or employees, in any one of the following ways and/or in any combination thereof in that:

a.     Its authorized officers, agents, servants and/or employees failed to inspect the floor in the dairy section and keep said premises reasonably safe for those persons lawfully on said premises, such as the plaintiff, when they knew or should have known that said person, such as the plaintiff, would be walking in this common area;

b.     Its authorized officers, agents, servants and/or employees failed to correct said hazardous, dangerous and unsafe condition;

c.     Its authorized officers, agents, servants and/or employees failed to place warnings, signs, ropes, or other barriers to prevent the plaintiff from walking in said area and sustaining injuries due to the hazardous, dangerous and unsafe condition;

d.     Its authorized officers, agents, servants and/or employees failed to place a runner, carpet, or other protective material over the dangerous and slippery substance on the floor in the dairy section when, in the exercise of reasonable care, they should have known that a person such as the plaintiff would be walking in this common area;

e.     Its authorized officers, agents, servants and/or employees failed to remedy said slippery and dangerous area of the floor in the dairy section by fully cleaning, drying, or by

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

placing other abrasive substances thereon when the same was reasonably necessary under the circumstances;

f.     Its authorized officers, agents, servants and/or employees knew, or in the exercise of reasonable care should have known, that the floor in the dairy section was not safe to walk on, yet failed to take any measures or adequate measures to insure that it was reasonably safe to walk in the area of the floor in which the plaintiff was caused to fall.

g.     Its authorized officers, agents, servants and/or employees allowed and permitted the aforesaid dangerous and defective condition to exist for an unreasonable period of time, yet it took no measures to remedy or correct the same.

**COUNT THREE (As to Walmart Real Estate Business Trust):**

1.     At all times mentioned herein, the defendant, Walmart Real Estate Business Trust (hereinafter referred to as "Walmart Real Estate"), is and was a foreign corporation, licensed and authorized to do business in the State of Connecticut, with a business address of 702 SW 8th Street in Bentonville, Arkansas.

2.     On or about July 12, 2020 and at all times relevant hereto, the defendant, Walmart Real Estate, owned, controlled, operated, possessed and maintained the retail store known as Walmart Store #2163, located at 465 Bridgeport Avenue in Shelton, Connecticut.

14

3.      At all times mentioned herein, the defendant, Walmart Real Estate, invited the public to enter the retail store located at 465 Bridgeport Avenue in Shelton, Connecticut.

4.      At all times relevant hereto, the defendant, Walmart Real Estate, had a duty not to cause injury to any business invitee.

5.      At all times relevant hereto, the plaintiff, Penelope Pompa, was a resident of the Town of Monroe in the State of Connecticut.

6.      On July 12, 2020 at approximately 10:25 a.m., the plaintiff, Penelope Pompa, was a patron and invitee of the defendant, Walmart Real Estate, and was lawfully within the defendant's store upon said date.

7.      On said date and at said time and place, the plaintiff, Penelope Pompa, was walking in front of the dairy section of Store #2163 when she was caused to slip and fall due to the presence of a white slippery substance that was on the floor. Upon information and belief, the white slippery substance was sour cream.

8.      As a result of slipping on the sour cream, the plaintiff, Penelope Pompa, lost her footing and fell forcibly onto the floor.

9.      The defendant, Walmart Real Estate, through its officers, agents, servants and/or employees, had notice and knowledge or, with reasonable diligence, should have had notice and knowledge, either active or constructive, of said hazardous, dangerous and unsafe condition of the

15

sour cream on the floor in the dairy section, as the same had existed for an unreasonable length of time, or they should have discovered the existence of said hazardous, dangerous and unsafe condition in the exercise of reasonable care and diligence.

10.     It was the duty of the defendant, Walmart Real Estate, to exercise reasonable care and diligence to provide and maintain a reasonably safe environment in its common areas. It was the defendant's duty to exercise reasonable care to prevent a dangerous condition on its premises and to correct such a condition after it knew or, by the exercise of reasonable care, should have known of its existence.

11.     As a result of the negligence of the defendant, Walmart Real Estate, at all times acting herein through its officers, agents, servants and/or employees, the plaintiff, Penelope Pompa, sustained injuries of a serious, painful and permanent nature, in that:

a.     She received multiple contusions, abrasions, and lacerations about the head, body and limbs;

b.     She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the lumbosacral spine with attending pain, tenderness, and limitation of motion;

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE HD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

c. She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the thoracic spine with attending pain, tenderness, and limitation of motion;

d. She underwent a whipping and wrenching of her back and neck, causing a stretching, tearing, and straining of the ligaments of her neck and back, resulting in a musculoligamentous sprain and strain of the cervical spine with attending pain, tenderness, and limitation of motion;

e. As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her neck, which pain radiates down into her left arm, with associated tenderness and limitation of motion;

f. As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left shoulder, with associated tenderness and limitation of motion;

g. As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain pain in the area of her left knee, with associated tenderness and limitation of motion;

h.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain a partial rotator cuff tear of the left shoulder, with associated pain, tenderness and limitation of motion;

i.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to sustain disc protrusions at C2-C3, C3-C4 and C6-C7, with associated pain, tenderness and limitation of motion;

j.      As a further result of said fall and subsequent whipping and wrenching, the plaintiff was caused to suffer headaches;

k.      As a further result of the injuries sustained herein, the plaintiff was caused to experience and suffer an activation and aggravation of a pre-existing but otherwise asymptomatic left knee condition which, prior to said fall, had not caused her pain or discomfort and, after said fall, has been caused to be activated and greatly aggravated;

l.      She underwent a severe shock to her entire nervous system resulting in mental anxiety, depression, headaches, inability to eat and sleep and associated symptoms; and

m.      She has endured and will continue to endure great pain of body and mind and humiliation and is limited and will be limited in her physical activities.

12.      As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, has incurred considerable expenses for medical care, prescriptions, x-rays,

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

medical services, physical therapy, medical apparatus and for matters incidental thereto and she will be required to incur further expenses for such purposes in the future.

13.     As a further result of the injuries sustained herein, the plaintiff, Penelope Pompa, suffered considerable emotional distress, upset, anxiety, headaches, and psychological trauma, and as a result of said injuries, she will suffer the same from time to time in the future.

14.     As a further result of said injuries and in consequence thereof, the plaintiff, Penelope Pompa, was unable to carry on and perform her usual duties and daily activities, and as a further result of said injuries, she will be prevented from doing so from time to time in the future, thereby depriving the plaintiff, Penelope Pompa, of the opportunity to enjoy her life as she could have before the fall on July 12, 2020.

15.     Said injuries and damages were caused directly and proximately by the negligence and carelessness of the defendant, Walmart Real Estate, acting through its officers, agents, servants and/or employees, in any one of the following ways and/or in any combination thereof in that:

a.     Its authorized officers, agents, servants and/or employees failed to inspect the floor in the dairy section and keep said premises reasonably safe for those persons lawfully on said premises, such as the plaintiff, when they knew or should have known that said person, such as the plaintiff, would be walking in this common area;

19

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

b.      Its authorized officers, agents, servants and/or employees failed to correct said hazardous, dangerous and unsafe condition;

c.      Its authorized officers, agents, servants and/or employees failed to place warnings, signs, ropes, or other barriers to prevent the plaintiff from walking in said area and sustaining injuries due to the hazardous, dangerous and unsafe condition;

d.      Its authorized officers, agents, servants and/or employees failed to place a runner, carpet, or other protective material over the dangerous and slippery substance on the floor in the dairy section when, in the exercise of reasonable care, they should have known that a person such as the plaintiff would be walking in this common area;

e.      Its authorized officers, agents, servants and/or employees failed to remedy said slippery and dangerous area of the floor in the dairy section by fully cleaning, drying, or by placing other abrasive substances thereon when the same was reasonably necessary under the circumstances;

f.      Its authorized officers, agents, servants and/or employees knew, or in the exercise of reasonable care should have known, that the floor in the dairy section was not safe to walk on, yet failed to take any measures or adequate measures to insure that it was reasonably safe to walk in the area of the floor in which the plaintiff was caused to fall.

g.    Its authorized officers, agents, servants and/or employees allowed and permitted the aforesaid dangerous and defective condition to exist for an unreasonable period of time, yet it took no measures to remedy or correct the same.

THE PLAINTIFF,
PENELOPE POMPA

By: _____

JOSEPH M. PORTO, Her Attorney
Parrett, Porto, Parese & Colwell, P.C.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

21

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

| | | |
|---|---|---|
| RETURN DATE:  AUGUST 2, 2022 | : | SUPERIOR COURT |
| PENELOPE POMPA | : | J.D. OF FAIRFIELD |
| V. | : | AT BRIDGEPORT |
| WALMART STORES EAST, LIMITED PARTNERSHIP, ET AL | : | JUNE 29, 2022 |

## **DEMAND FOR RELIEF**

1.  Money damages;

2.  Such other relief as law or equity may pertain;

That the amount, legal interest or property in demand is Fifteen Thousand ($15,000.00)

Dollars or more, exclusive of interest and costs.


THE PLAINTIFF,
PENELOPE POMPA

By: _____

JOSEPH M. PORTO, Her Attorney
Parrett, Porto, Parese & Colwell, P.C.

22